# HANSKI PARTNERS LLC
85 DELANCEY STREET
NEW YORK, NEW YORK 10002
PHONE: 212.248.7400

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/2024**

November 13, 2024

**MEMO ENDORSED**

<u>Via ECF</u>
The Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court
40 Foley Square
New York, NY 10007

Re:   <u>Plaintiff's Letter Pursuant to Court Order Dated November 6, 2024</u>
         <u>Colleen Roche v VBGO Penn Plaza Fee LLC et al.; Case No.: 1:24-cv-01070-JHR-BCM</u>

Dear Judge Moses:

    We represent plaintiff Colleen Roche in the above-entitled action. Pursuant to Your Honor's Order dated November 6, 2024 (ECF No. 33) we submit this letter to advise the Court that plaintiff disagrees with the defendants' claim that the Court no longer has federal question jurisdiction. Plaintiff takes this position as defendants have not demonstrated that their place of public accommodation is permanently closed nor that the premises has been, or is in the process of being permanently demolished. Rather **defendants have proven that the restaurant is in the process of being renovated** and therefore temporarily closed during the renovation process.

    By way of background, this action concerns the inaccessibility of defendants' place of public accommodation, a restaurant located at 132 West 31st Street, Manhattan, to persons with disabilities, in violation of the ADA and analogous state and local laws. On October 29, 2024 defendants' counsel informed the Court that "defendants' restaurant will be closing permanently on [October 31, 2024] and that the premises are scheduled for demolition beginning on Friday [November 1, 2024]." ECF No. 30. Consequently, the Court ordered defendants to "produce admissible evidence demonstrating that the business has closed and the premises have been, or are in the process of being, demolished." ECF No. 33.

    On November 8, 2024 defendants submitted their purported evidence that the restaurant is closed and in the process of being demolished. ECF No. 34. The "evidence" consisted of pictures and a permit for Job No. M01042024-I1-GC-CX issued by the NYC Department of Buildings on October 1, 2024 (the "Permit"). However, **the pictures do not show demolition**, but rather a renovation of the restaurant. A review of the Permit substantiates this as **the permit is issued for "interior renovation** of an existing restaurant on the first floor." (emphasis added). Also telling is that Defendants have not provided a copy of their lease showing that the tenancy for the place of public accommodation has expired nor have they provided any documentation showing surrender of the tenancy.

    Consequently, in light of the evidence that the restaurant is only temporarily closed for renovations and no evidence showing that the public accommodation has been permanently

closed, plaintiff disagrees with the defendants' claim that the Court no longer has federal question jurisdiction.

Thank you for your attention to this matter.

Respectfully submitted,

/s/
Robert G. Hanski, Esq.

---

The Court agrees that the evidence submitted by defendants is not dispositive. If defendants wish to move to dismiss this action for lack of subject matter jurisdiction, they must do so no later than **December 2, 2024**.

The Court notes that defendants did not oppose plaintiff's October 21, 2024 letter-motion seeking an order compelling discovery. (Dkt. 28.) To the contrary: on October 29, 2024, defendants committed that "defendants' responses to plaintiff's document demands and interrogatories will be sent to counsel for plaintiff by the close of business this Friday, November 1, 2025." (Dkt. 30.) In the event defendants missed that deadline, they must serve their written responses, pursuant to Fed. R. Civ. P. 33 and 34, no later than **November 21, 2024**, on which date they must also produce all non-privileged documents responsive to plaintiff's document requests.

The Clerk of Court is respectfully directed to close the motion at Dkt. 28.

**SO ORDERED.**

**Barbara Moses**
**United States Magistrate Judge**
**November 14, 2024**

2